PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* CARLOS SERRANO, Defendant and Appellant.

No. 2618.   Argued January 13, 1926.—Decided April 26, 1926.

*Rafael Rivera Zayas* for the appellant.   *José E. Figueras, Fiscal,* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

In a motion asking for an extension of time the *Fiscal* of this court drew attention to the unfinished and irregular manner in which the brief of the appellant was prepared. In reality the motion should have been made to dismiss the appeal, giving of course the appellant opportunity to amend, as it was a criminal case. There is no assignment of error. There is no enumeration of errors; nor even their separation by space. Not only do these deficiencies exist as indicated by the *Fiscal,* but there is no "true and concise statement of the case," as required by Rule 42. The appellant, as in many other criminal cases, contents himself with resuming the evidence, witness by witness. The general nature of the case, the nature of the charge, the general tendency of the evidence of the government and of the defense, these are all more or less matters that should be placed in the first part of the brief and should be included in a separate paragraph or paragraphs—with an appropriate heading. The assignment of errors should then follow. Perhaps counsel was relying on the constant practice of this court to examine the record in a criminal case with care.

We have, as apparently assumed by counsel, examined the record with care. There was evidence tending to show that the appellant, impelled by rage or jealousy, with malice aforethought killed José García with a revolver. Some evidence of self-defense there was, but the jury was in no wise bound to believe it. There is not the slightest indication of passion, prejudice or partiality in the jury. The shooting took place at a ball. The evidence tended to show that the defendant, disputing over the right to dance with a girl and who had been drinking, was pushed away from the principal ball-room by friends, broke away from the restraint, and coming back fired three shots and killed José García.

The chief effort of appellant is to attack the charge

of the court. No instructions were prayed by the defendant. No exception of any kind was taken to the judge's charge; not even a general one. Counsel for the defendant may not sit by in the hope and expectation that the court will fall into error, but ordinarily objections must be made and exceptions taken at the end of the charge, similarly as in the admission and exclusion of evidence.

In *People* v. *Lebrón,* 23 P.R.R. 615, we cited from the law regulating appeals, as follows:

"Section 1.—Whenever it appears from the record in any criminal case upon appeal in the Supreme Court, that any requirement of the law has been disregarded by the trial court, the judgment shall not be reversed, unless the error appearing from the record was calculated to injure the rights of either of the parties, and was duly excepted to in the trial court; *Provided, however,* That the appellate court may take cognizance of fundamental errors appearing in the record, although not excepted to, and render such judgment thereon as the facts and the law may require."

And we said:

"Thereunder the court has voluntarily reversed some cases where the fundamental rights of the defendant have been disregarded and has always maintained the right to do so (*People* v. *Morales,* 11 P.R.R. 294; *People* v. *Fernández,* 14 P.R.R. 611; *People* v. *Pellot,* 15 P.R.R. 423; *People* v. *Crespo,* 21 P.R.R. 285), but generally in the absence of exceptions we have refused to reverse unless prejudice was clearly shown. *People* v. *Rosado,* 17 P.R.R. 425; *People* v. *Ortiz,* 19 P.R.R. 306; *People* v. *Díaz,* 19 P.R.R. 526, and other cases cited therein."

*People* v. *Barrios,* 23 P.R.R. 772, 779, was a case where, citing *People* v. *Lebrón,* we found a fundamental error. The court below was totally wrong in its theory of self-defense. We followed the principle of *People* v. *Lebrón* and refused to reverse in *People* v. *Trujillo,* 24 P.R.R. 121; *People* v. *Hernández,* 25 P.R.R. 619; *People* v. *Ramírez,* 25 P.R.R. 260; *People* v. *Pujals,* 34 P.R.R. 382.

We are thus reserved the right to reverse for fundamental errors, but this does not mean misstatements of the

court while summing up the evidence, easily susceptible of correction, nor to slight discrepancies in the statement of the law, nor yet to erroneous tendencies of isolated remarks, especially when due instructions are to be found in the whole charge, as in the case before us. In this last connection see *People* v. *Vélez*, 32 P.R.R. 363.

For example, in speaking of the right of self-defense, the court inadvertently said that the defendant could not act on an apparent danger. Immediately thereafter however and on concluding the court in effect told the jury that there must be some act that would induce a man of ordinary prudence to fear that his life was in peril or that he might suffer a severe injury; and on page 50 of the record a correct statement appears. In other parts of its charge the court narrated the evidence favoring the defense and substantially instructed that if the jury believed it they should acquit. The error was probably induced from the mistaken syllabus in the case of *People* v. *Sutton*, 17 P.R.R. 328. The opinion itself does not contain the erroneous statement.

We do not find the punishment of thirty years excessive under the circumstances of this case.

The judgment must be affirmed.